UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

RECEIVED
USDC, CLERK, CHARLESTON, SC
2009 NOV 24 P 3: 08

| | | |
|---|---|---|
| Talmadge Evans, Jr., #271480, | ) | C/A No. 2:09-02948-JFA-RSC |
| Plaintiff, | ) | |
| v. | ) | REPORT AND RECOMMENDATION |
| Nurse Smith, RN, | ) | |
| Defendant. | ) | |

Talmadge Evans, Jr. (Plaintiff) files this civil action *pro se* pursuant to 42 U.S.C. § 1983 and *in forma pauperis* under 28 U.S.C. § 1915.[1] Plaintiff currently is confined at Perry Correctional Institution, which is a facility of the South Carolina Department of Corrections. Plaintiff brings this complaint alleging a violation of his rights under the Eighth Amendment to be free from cruel and unusual punishment in the treatment of an infection in his right leg. Plaintiff names Nurse Smith as the defendant.[2] Plaintiff seeks damages and the resignation of the defendant.

## *Pro Se* and *In Forma Pauperis* Review

Under established local procedure in this judicial district,

---

[1]Pursuant to the provisions of 28 U.S.C. § 636(b)(1), and Local Rule 73.02(B)(2)(e) D.S.C., the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the District Court.

[2]Title 28 U.S.C. § 1915A (a) provides that "[t]he court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity."

a careful review has been made of this *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. §§ 1915 and 1915A. This review has been conducted in light of the following precedents: *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Estelle v. Gamble*, 429 U.S. 97 (1976); *Haines v. Kerner*, 404 U.S. 519 (1972); and *Gordon v. Leeke*, 574 F.2d 1147 (4th Cir.). This Court is required to liberally construe *pro se* documents, *Erikson v. Pardus*, 551 U.S. 89 (2007); *Estelle v. Gamble*, 429 U.S. 97 (1976), holding them to a less stringent standard than those drafted by attorneys, *Hughes v. Rowe*, 449 U.S. 9 (1980).

Even under this less stringent standard, however, the *pro se* complaint is subject to summary dismissal. The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so. However, a district court may not rewrite a petition to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999), or construct the plaintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411, 417-18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v.*

2

*Dep't of Soc. Serv.*, 901 F.2d 387 (4th Cir. 1990).

This complaint has been filed pursuant to 28 U.S.C. § 1915 which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted" or is "frivolous or malicious." 28 U.S.C. § 1915(e)(2)(B)(i), (ii). Under § 1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed *sua sponte*. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Allison v. Kyle*, 66 F.3d 71 (5th Cir. 1995). A finding of frivolity can be made where the complaint "lacks an arguable basis either in law or in fact." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). The court may dismiss a claim as "factually frivolous" under § 1915(e) if the facts alleged are clearly baseless. *Id.* at 32. In making this determination, the court is not bound to accept without question the truth of the plaintiff's allegations, but rather need only weigh the plaintiff's factual allegations in his favor. *Id.*

### Discussion

The Eighth Amendment's prohibition on "cruel and unusual punishment" extends beyond those punishments meted out by statute or imposed by a sentencing judge, *see Wilson v. Seiter*, 501 U.S. 294, 297 (1991), to encompass "the treatment a prisoner receives in

prison and the conditions under which he is confined," *Helling v. McKinney*, 509 U.S. 25, 31 (1993). The showing required to demonstrate an Eighth Amendment deprivation "varies according to the nature of the alleged constitutional violation." *Hudson v. McMillan*, 503 U.S. 1, 5 (1992). With respect to medical care, a prisoner in a § 1983 case "must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976).

In *Estelle v. Gamble*, 429 U.S. at 97, the Supreme Court pointed out that not "every claim by a prisoner that he has not received adequate medical treatment states a violation." *Id.* at 105. "Although the Constitution does require that prisoners be provided with a certain minimum level of medical treatment, it does not guarantee to a prisoner the treatment of his choice." *Jackson v. Fair*, 846 F.2d 811, 817 (1st Cir. 1988) (citation omitted). Even though the provision of medical care by prison or jail officials is not discretionary, the type and amount of medical treatment is discretionary. *See Brown v. Thompson*, 868 F. Supp. 326 (S.D.Ga. 1994) (collecting cases).

Plaintiff does not allege that he was denied medical treatment. In his complaint, Plaintiff alleges that he was seen by the defendant at Kirkland Correctional Institution (KCI) because of an infection in his right leg. (Compl. at 3.) He claims that the defendant was to culture his leg for signs of staph infection

4

(MRSA). (Compl. at 3.) Plaintiff claims that another nurse requested that he be housed in the infirmary at KCI until the swelling and infection in his leg was gone, but instead, he was sent back to his cell in pain.(Compl. at 3.) It appears that the thrust of Plaintiff's claim is that he did not receive the treatment that he desired, which was to stay in the infirmary. Plaintiff is bringing this suit claiming unconstitutional conditions regardless of the fact that he received medical treatment. However, his allegations may raise negligence at most rather than the constitutional standard of deliberate indifference.

The Supreme Court has distinguished deliberate indifference to serious medical needs of prisoners from "negligen[ce] in diagnosing or treating a medical condition," holding that only the former violates the Cruel and Unusual Punishments Clause. *Estelle v. Gamble*, 429 U.S. at 105-06. Negligent or incorrect medical treatment is not actionable under § 1983. *Estelle v. Gamble*, 429 U.S. at 106. Negligence, in general, is not actionable under § 1983. *See Daniels v. Williams*, 474 U.S. 327, 328-36 & n. 3 (1986); *Davidson v. Cannon*, 474 U.S. 344, 345-48 (1986); *Pink v. Lester*, 52 F.3d 73, (4th Cir. 1995)(applying *Daniels v. Williams* and *Ruefly v. Landon*: "The district court properly held that *Daniels* bars an action under § 1983 for negligent conduct[.]"); *Ruefly v. Landon*, 825 F.2d 792, 793-94 (4th Cir. 1987). Medical malpractice is not actionable under § 1983. *Estelle v. Gamble*, 429

U.S. at 106 ("Medical malpractice does not become a constitutional violation merely because the victim is a prisoner."). To the extent that Plaintiff raises a negligence claim, it is not cognizable under § 1983.

### Recommendation

Accordingly, it is recommended that the District Judge dismiss the complaint in the above-captioned case *without prejudice* and without issuance and service of process. *See* 28 U.S.C. § 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).

*[signature]*
Robert S. Carr
United States Magistrate Judge

November 24, 2009
Charleston, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> Post Office Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).