UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Talmadge Evans, #271480, ) | C/A No. 2:09-2948-JFA-RSC |
| ) | |
| Plaintiff, ) | |
| v. ) | ORDER |
| ) | |
| Nurse Smith, RN, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

The *pro se* plaintiff, Talmadge Evans, brings this action pursuant to 42 U.S.C. Section 1983. He is an inmate at the South Carolina Department of Corrections. In his complaint, he alleges a violation of his constitutional rights regarding the treatment of an infection in his leg. He seeks damages and the resignation of the defendant.

The Magistrate Judge assigned to this action[1] has prepared a thorough Report and Recommendation and opines that the complaint should be dismissed for failure to state a claim under 28 U.S.C. Section 1915(b)(1). The Report sets forth in detail the relevant facts and standards of law on this matter, and the court incorporates such without a recitation and without a hearing.

The plaintiff was advised of his right to file objections to the Report and

---

[1] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02. The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b)(1).

1

Recommendation, which was entered on the docket on November 21, 2009, however he has not done so within the time limits prescribed.

As the Magistrate Judge correctly notes, with respect to medical care in a case alleging a violation of an Eighth Amendment right, a Section 1983 claim must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). The Supreme Court pointed out in *Estelle* that not every claim by a prisoner that he has not received adequate medical treatment creates a violation. Furthermore, in *Miltier v. Beorn*, the Fourth Circuit Court of Appeals noted that the medical treatment at issue "must be so grossly incompetent, inadequate or excessive as to shock the conscience or to be intolerable to fundamental fairness" and that "mere negligence or malpractice does not violate the [Constitution]." *Miltier v. Beorn*, 896 F.2d 848, 851-852 (4th Cir. 1990). Even though the provision of medical care by prison or jail officials is not discretionary, the type and amount of medical treatment is discretionary. *Brown v. Thompson*, 868 F.Supp. 326 (S.D. Ga. 1994) (collecting cases).

Here, plaintiff does not allege that he was denied medical treatment for the staph infection in his leg. Rather, he appears to complain that he did not receive the treatment that he desired, which was to stay in the infirmary rather than be sent back to his cell. As the Magistrate Judge opines, the plaintiff's allegations appear to raise negligence rather than the constitutional standard of deliberate indifference to medical needs. As such, negligent or incorrect medical treatment is not actionable, nor is medical malpractice, under Section 1983.

*Estelle v. Gamble*, 429 U.S. at 105-06. Further, negligence, in general, is not actionable under Section 1983. *See Daniels v. Williams,* 474 U.S. 327, 328-36 & n.3 (1986).

After a careful review of the record, the applicable law, and the Report and Recommendation, the court finds the Magistrate Judge's recommendation to be proper and incorporates the Report herein by reference. Accordingly, this action is dismissed without prejudice and without issuance and service of process.

IT IS SO ORDERED.

January 20, 2010  
Columbia, South Carolina

Joseph F. Anderson, Jr.  
United States District Judge